**FERENCE & ASSOCIATES LLC**
Stanley D. Ference III (SF1086)
409 Broad Street
Pittsburgh, Pennsylvania 15143
Telephone: (412) 741-8400
Facsimile: (412) 741-9292

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

AIRIGAN SOLUTIONS, LLC,                        :
                                               :
                              Plaintiff,        :              Civil Action No.
                                               :
                    v.                          :              18-cv-6132-GHW
                                               :
YIWU LANHOME JEWELRY CO., LTD.,                 :
NINGBO MATEYNESS HOUSEHOLD CO.,                 :
LTD., JIANGSHAN TOPME IMPORT &                  :
EXPORT CO., LTD., YIWU JOYFUL                   :
COMMODITY FACTORY, HUIZHOU                      :
KANGNING INDUSTRIAL CO., LTD.,                  :              Jury Trial Requested
NINGBO HAISHU GREENWELL                         :
COMMODITY INDUSTRIAL CO., LTD.,                 :
HEFEI FENGZHISHENG TRADE CO., LTD.,             :              **FILED UNDER SEAL**
NINGBO LIMKONG INTERNATIONAL                    :
TRADE CO, YIWU ALIYOU COMMODITY                 :
LTD., NINGBO JIEWEI KITCHENWARE CO.,            :
LTD., NINGBO SHENGHUI PLASTIC                   :
TECHNOLOGY CO., LTD., and THE OTHER             :
INDIVIDUALS, PARTNERSHIPS AND                   :
UNINCORPORATED ASSOCIATIONS                     :
IDENTIFIED ON AMENDED SCHEDULE "A",:
                                               :
                              Defendants.        :
                                               :
----------------------------------------------------------X

[AMENDED PROPOSED] 1) TEMPORARY RESTRAINING ORDER; 2) ORDER
RESTRAINING ASSETS AND MERCHANT STOREFRONTS; 3) ORDER TO SHOW
CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER
AUTHORIZING ALTERNATIVE SERVICE BY ELECTRONIC MEANS; AND 5)
ORDER AUTHORIZING EXPEDITED DISCOVERY

On this day the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service; and 5) an order authorizing expedited discovery against all of the Defendants identified on the attached **Amended Schedule "A"**, including Defendants Yiwu Lanhome Jewelry Co., Ltd., Ningbo Mateyness Household Co., Ltd., Jiangshan Topme Import & Export Co., Ltd., Yiwu Joyful Commodity Factory, Huizhou Kangning Industrial Co., Ltd., Ningbo Haishu Greenwell Commodity Industrial Co., Ltd., Hefei Fengzhisheng Trade Co., Ltd., Yiwu Aliyou Commodity Ltd., Ningbo Jiewei Kitchenware Co., Ltd., Ningbo Shenghui Plastic Technology Co., Ltd. (hereinafter collectively referred to as "Defendants" or individually as "Defendant"), Third Party Service Providers (as defined *infra*) and Financial Institutions (as defined *infra*) in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products (as defined *infra*) ("Application"). A complete list of Defendants is attached hereto as **Amended Schedule "A"**, which also includes links to Defendants' Merchant Storefronts.  Having reviewed the Application, the Declarations of Margaret B. Tyler, Brian Samuel Malkin, Stanley D. Ference III, Jessica Arnaiz, and the Second Declaration of Brian Samuel Malkin, along with the exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSION OF LAW

1.      Plaintiff is likely to prevail on its Lanham Act claims, patent claims, and related state law claims at trial;

2.      As a result of Defendants' infringements, Plaintiff as well as consumers are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

a.   Defendants have offered for sale and sold substandard products bearing or using Plaintiff's registered trademark (*i.e.,* U.S. Trademark Reg. No. 5,142,630 for the wordmark "NEGG") and/or that use packaging that bears and/or is used in connection with marks and/or trade dress (hereinafter referred to as the "NEGG Marks) that is confusing or substantially similar to Plaintiff's authentic products sold using the NEGG Marks ("NEGG Products") and/or that infringe at least Claim 1 of Plaintiff's U.S. Patent No. 9,968,211 entitled "PERSONAL EGG PEELER" (hereinafter referred to as "the '211 patent") (collectively referred to as, "Counterfeit Product(s)" or "Infringing Product(s)") that overall infringe the NEGG Marks and/or at least Claim 1 of the '211 patent through accounts with the online marketplace platforms Alibaba.com, Aliexpress.com, Amazon.com, DHgate.com, eBay.com, and Wish.com by Defendants ("User Account(s)");

b.   Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for its NEGG Products; and

c.   Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the NEGG Marks and/or at least Claim 1 of the '211 patent, the means of obtaining or

manufacturing such Counterfeit Products, and records relating thereto are in their

possession or under their control, (ii) inform their suppliers and others of Plaintiff's

claims with the result being that those suppliers and others may also secret, conceal,

sell-off or otherwise dispose of Counterfeit Products or other goods infringing the

NEGG Marks and/or at least Claim 1 of the '211 patent, the means of obtaining or

manufacturing such Counterfeit Products, and records relating thereto that are in their

possession or under their control, (iii) secret, transfer or otherwise dispose of their ill-

gotten proceeds from their sales of Counterfeit Products or other goods infringing

NEGG Marks and/or at least Claim 1 of the '211 patent and records relating thereto

that are in their possession or under their control and/or (iv) open new User Accounts

through which Defendants, import, export, advertise, market, promote, distribute,

offer for sale, sell and/or otherwise deal in products, including Counterfeit Products

("Merchant Storefront(s)") under new or different names and to continue to offer for

sale and sell Counterfeit Products with little to no consequence;

    3.    The balance of potential harm to Defendants of being prevented from continuing

to profit from their illegal and infringing activities if a temporary restraining order is issued is far

outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in

and associated with the NEGG Marks and to its reputation if a temporary restraining order is not

issued; in the absence of a temporary restraining order Plaintiff would be forced to compete

against its own patented invention, a situation that places a substantial hardship on a patentee;

    4.    Public interest favors issuance of the temporary restraining order in order to

protect Plaintiff's interests in and to its NEGG Marks and its patented invention and to protect

the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit products as NEGG Products.

5.     Plaintiff has not publicized its request for a temporary restraining order in any way;

6.     Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

7.     This Court has the inherent authority to issue a prejudgment asset restraint when plaintiff's complaint seeks relief in equity.  In addition, Plaintiff has shown a strong likelihood of succeeding on the merits of its trademark infringement and counterfeiting claim, so according to the Lanham Act 15 U.S.C. § 1117(a)(1), Plaintiff is entitled, "subject to the principles of equity, to recover ... defendant's profits." Plaintiff seeks, among other relief, that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts. Therefore, this Court has the inherent equitable authority to grant Plaintiff's request for a prejudgment asset freeze to preserve the relief sought by Plaintiff.

8.     If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the NEGG Marks and at least Claim 1 of the '211 patent. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order.  It typically takes Financial Institutions a minimum of five (5) days to locate, attach and freeze Defendants' Assets (as defined *infra*) and/or Defendants' Financial Accounts (as defined *infra*) and it is anticipated it will take the Third Party Service Providers (as defined *infra)* operating the online marketplaces minimum of five (5) days to freeze Defendants' Merchant Storefronts.  As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and the Third

Party Service Providers with this Order and for the Financial Institutions and/or the Third party

Service Providers to comply with the Paragraphs I(B) through I(C) of this Order before requiring

service on Defendants.

        9.      Similarly, if Defendants are given notice of the Application, they are likely to

destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents

relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting,

distributing, displaying, offering for sale and/or sale of Counterfeit Products.  Therefore, Plaintiff

has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is

hereby **GRANTED** as follows (the "Order"):

### I. Temporary Restraining Order

A.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby

    restrained and enjoined from engaging in any of the following acts or omissions pending the

    hearing and determination of Plaintiff's Application for a preliminary injunction as

    referenced in **Section II** below:

    1)  manufacturing, importing, exporting, advertising, marketing, promoting, distributing,

        displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

    2)  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing

        of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data,

        business records, documents or any other records or evidence relating to their User

        Accounts, Merchant Storefronts or any money, securities or other property or assets of

Defendants (hereinafter collectively referred to as "Defendants' Assets") and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Alibaba Group Holding Ltd. d/b/a Alibaba.com and Aliexpress.com, Alibaba.com US LLC d/b/a Alibaba.com and Aliexpress.com, Amazon Services LLC d/b/a Amazon.com, Dunhuang Group d/b/a DHgate.com, eBay, Inc. d/b/a eBay.com, Context Logic, Inc. d/b/a Wish.com (collectively referred to as the "Third Party Service Providers") and the Alibaba Group d/b/a Alibaba.com and Aliexpress.com payment services (*i.e.* Alipay.com Co., Ltd., Ant Financial Services Group), Amazon Payments, Inc. d/b/a Pay.amazon.com, PayPal Inc. d/b/a PayPal.com, Payoneer Inc. d/b/a Payoneer.com, Dunhuang Group d/b/a DHgate.com payment services, Dunhuang Group d/b/a DHpay.com, and PingPong Global Solutions, Inc. d/b/a PingPong , (collectively referred to as the "Financial Institutions") are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below, or until further order of the Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any

Defendant or any Defendant's User Accounts or Merchant Storefront(s) ("Defendants' Financial Accounts") until further ordered by this Court;

C.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below, or until further order of the Court:

1)  within five (5) days after receipt of service of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts.

## II. Order to Show Cause Why a Preliminary Injunction Should Not Issue and Order of Notice

A.  Defendants are hereby ORDERED to show cause before this Court in Courtroom 12C of the United States District Court for the Southern District of New York at 500 Pearl Street, New York, New York on **July 30, 2018** at **1:00 p.m.** or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to FRCP 65(a), should not issue.

B.  IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Ference & Associates LLC at 409 Broad Street, Pittsburgh, Pennsylvania 15143, Attn: Stanley D. Ference III on or before July 24, 2018. Plaintiff shall file any Reply papers on or before July 27, 2018.

C.  IT IS FURTHER ORDERED that Defendants and all Restrained persons are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above

may result in the imposition of a preliminary injunction against them pursuant to FRCP 65,

which may take effect immediately upon the expiration of this Order, and may extend

throughout the length of the litigation under the same terms and conditions set forth in this

Order.

### III. Asset Restraining Order

IT IS FURTHER ORDERED pursuant to FRCP 64 and 65 and CPLR 6201 and this

Court's inherent equitable power to issue provisional remedies ancillary to its authority to

provide final equitable relief, as sufficient cause has been shown, that within five (5) days of

receipt of notice of this Order, the Financial Institutions shall locate and attach Defendants'

Financial Accounts, and shall provide written confirmation of such attachment to Plaintiff's

counsel.

### IV. Order Authorizing Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to FRCP 4(f)(3), as sufficient cause has been shown,

that service may be made on, and shall be deemed effective as to Defendants if it is

completed by one of the following means:

   1)   delivery of:  PDF copies of this Order together with the Summons and Amended

        Complaint, or (ii) a link to a secure website (such as Dropbox.com, NutStore.com, a

        large mail link created through RPost.com and via website publication through a

        specific page dedicated to this Lawsuit accessible through ferencelaw.com) where

        each Defendant will be able to download PDF copies of this Order together with the

        Summons and Amended Complaint, and all papers filed in support of Plaintiff's

        Application seeking this Order to Defendants' email addresses as presently known to

Plaintiff or as to be determined after having been identified by the Financial

Institutions and/or Third Party Service Providers pursuant to **Paragraph (V)(C)**.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative

service by electronic means ordered herein shall be made within five (5) days of the

Financial Institutions' and Third Party Service Providers' compliance with **Paragraph**

**III(A) and (V)(C)** of this Order and in no event later than 10 days from the date of this

Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court

shall issue a single original summons in the name "see attached rider" and to which

**Amended Schedule A** shall be attached that will apply to all Defendants.

### V. Order Authorizing Expedited Discovery

A.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Plaintiff may propound interrogatories pursuant to Rules 26 and 33 of the Federal

Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the

Southern and Eastern Districts of New York, and Defendants, their respective

officers, employees, agents, servants and attorneys, and all persons in active concert

or participation with any of them, who receive actual notice of this Order, shall

provide written responses under oath to such interrogatories within fourteen (14) days

of service to Plaintiff or Plaintiff's counsel.

2)  Plaintiff may serve requests for the production of documents pursuant to FRCP 26

and 34, and Defendants, their respective officers, employees, agents, servants and

attorneys, and all persons in active concert or participation with any of them, who

receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any all such accounts, which shall include, at a minimum, identifying information for Defendants (including, but not limited to, mailing addresses and email addresses), account numbers and account balances for any all of Defendant's Financial Accounts and confirmation of said compliance with this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and email addresses) and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

    a.   account numbers;

    b.   current account balances; and

    c.   any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including names, addresses and contact information..

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)    Within fourteen (14) days of receiving actual notice of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    a.   any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third Party Service Provider;

    b.   the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to **Paragraph V(C)**;

    c.   the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full

accounting of Defendants' sales history and listing history under such accounts
and Defendants' Financial Accounts with any and all Financial Institutions
associated with Defendants' User Accounts and Defendants' Merchant
Storefronts; and

d.   Defendants' manufacturing, importing, exporting, advertising, marketing,
promoting, distributing, displaying, offering for sale and/or selling of Counterfeit
Products, or any other products bearing the NEGG Marks and/or marks that are
confusingly similar to, identical to, and constitute an infringement of the NEGG
Marks and/or infringed at least claim 1 of the '211 patent.

### VI. Security Bond

IT IS FURTHER ORDERED that Plaintiff shall place security (corporate surety bond,
cash, certified check, or attorney's check) in the amount of twenty-five thousand dollars
($25,000) with the Court, which amount is determined adequate for the payment of any damages
any person may be entitled to recover as a result of an improper or wrongful restraint ordered
hereunder.

### VII. Sealing Order

IT IS FURTHER ORDERED that Plaintiff's Amendment Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Margaret B. Taylor, Brian Samuel Malkin, and Stanley D. Ference III in support thereof and the exhibits attached thereto and this Order shall remained sealed until the later of (i) the date on which the Financial Institutions and the Third party Service Providers comply with **Paragraphs I(C), III(A), and V(C)** of this Order and (ii) 14 days after the date of this Order.

**SO ORDERED.**

SIGNED this 19th day of July, 2018, at 1:15 p.m.
New York, New York

GREGORY N. WOODS
United States District Judge